UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| LAURA BIDDLE,<br>    Plaintiff<br>VS.<br><br>WAL-MART STORES TEXAS, LLC, et al<br>    Defendant | §<br>§<br>§<br>§<br>§<br>§ | NO. _____<br>(JURY) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, **LAURA BIDDLE**, complaining of and about Defendants **WAL-MART STORES TEXAS, LLC** and **CINTAS CORPORATION NO. 2,** hereinafter collectively referred to as "Defendants", and for cause of action would show the Court the following:

**1. JURISDICTION AND VENUE**

Plaintiff acknowledges that the amount in controversy exceeds $75,000.00. Plaintiff also acknowledges that, if this Court retains and has subject matter jurisdiction, then venue is proper in the Eastern District of Texas.

**2. PARTIES**

2.1   Plaintiff, Laura Biddle, is a resident citizen of the State of Texas.

2.2   Defendant **WALMART STORES TEXAS, LLC**, (hereafter "Wal-mart")   is a foreign limited liability company doing business in Texas.   Pursuant to Fed. R. 4, Defendant is being served with a copy of this complaint by and through its registered agent for service, C.T. Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1

2.3     Defendant, **CINTAS CORPORATION NO. 2** (also referred to herein as "Cintas")  is a foreign corporation, organized of and by virtue of the laws of the State of Ohio, but doing business in Texas.   Pursuant to Fed. R. 4, Defendant is being served with a copy of this complaint and waiver by and through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## 3.   BACKGROUND

This suit is brought in accordance with the laws of the State of Texas for the recovery of damages to which your Plaintiff is entitled to recover over and from the Defendants herein.   Plaintiff will show that the incident was brought about and caused to occur, and were proximately caused by the negligence of the Defendants herein.

In particular, Plaintiff would show that on or about September 13, 2020, she was a patron at the "Walmart" store in Woodville, Tyler County, Texas, when while exiting the store, Plaintiff's foot caught on an improperly placed, unsecured, or improperly secured rug located in the doorway, or entrance area, causing her to fall.   Plaintiff's fall resulted in serious bodily injuries.   Upon information and belief, Defendant-CINTAS provided and placed the rug in use at this location.

Plaintiff will further show that the incident was proximately caused by that dangerous condition on the premises which Defendants, its agents, servants and employees, including, knew, or, in the exercise of ordinary care, should have known existed, and the likelihood of someone being injured, such as Plaintiff.   Despite said knowledge Defendants agents, servants, and/or employees, negligently caused and negligently permitted such condition to exist and negligently failed to warn Plaintiff of the dangerous condition.

## 5. NEGLIGENCE

More specifically, Plaintiff would show that on the occasion in question, Defendant **WAL-MART** and its agents, servants and employees, were guilty of negligence in the following respects and particulars:

1) In failing to maintain the store, and more specifically the entrance/exit area in a safe condition/manner;

2) In improperly placing a rug at the entrance area of the store in a manner in which it did not or could or did not lay flat, even though Defendant knew or should have known that in doing so Defendant was creating an unreasonably dangerous condition for invitees on the premises;

3) In placing an unsecured rug at the entrance/exit area of the store, even though Defendant knew or should have known that in doing so Defendant was creating an unreasonably dangerous condition for invitees on the premises;

4) In failing to properly inspect the premises in order to discover the dangerous condition described above;

5) In failing to properly correct the dangerous condition described above;

6) In failing to warn invitees, including Plaintiff, that a dangerous condition existed;

7) In failing to implement and/or enforce safety policies to prevent this type of accident;

8) Various other acts of negligence to be proved at trial including but not limited to acts of omission and commission.

## 6.

Further, Plaintiff will show that Defendant **CINTAS CORPORATION NO. 2** and its agents, servants and employees who were at all times acting in the course and scope of their employment, including were guilty of negligence in the following respects:

1) In failing to properly train its employees;

2) In failing to properly instruct its employees;

3) In failing to properly supervise its employees;

4) In failing to promulgate appropriate rules and regulations designed to prevent this type of incident;

5) In improperly placing a rug at the entrance area of the store in a manner in which it did not or could or did not lay flat, even though Defendant knew or should have known that in doing so Defendant was creating an unreasonably dangerous condition for invitees on the premises;

6) In placing an unsecured or defective rug at the entrance area of the store, even though Defendant knew or should have known that in doing so Defendant was creating an unreasonably dangerous condition for invitees on the premises;

7) In failing to properly inspect the premises in order to discover the dangerous condition described above;

8) In failing to properly correct the dangerous condition described above;

9) In failing to warn invitees, including Plaintiff, that a dangerous condition existed;

10) In failing to implement and/or enforce safety policies to prevent this type of accident;

11) Various other acts of negligence to be proved at trial including but not limited to acts of omission and commission.

All of the above acts, wrongs and/or omissions as well as various other acts, wrongs and/or omissions on the part of the Defendants either individually or collectively, amounted to negligence or was the proximate cause of the resulting damages and injuries suffered to and by the Plaintiffs herein.

Plaintiffs reserve the right to amend this complaint and add, delete and/or modify these allegations as the facts and circumstances may dictate.

**7.**

Plaintiff would further show that at all times material to this cause of action, Defendants' vice principals, employees, agents, servants, and representatives were acting within the course and scope of their employment for Defendants and therefore, Defendants are liable under the doctrine of <u>respondeat superior</u>.

## 8. DAMAGES

As a result of the incident made the basis of this lawsuit your Plaintiff has sustained the following injuries, damages and losses, and hereby sues for recovery of these damages from Defendant:

1) Medical and other health care related expenses, both past and future;

2) Loss of earnings and/or loss of earning capacity, both past and future;

3) Physical pain, both past and future;

4) Mental anguish, both past and future;

5) Physical impairment, both past and future; and

6) Physical disfigurement, both past and future.

All of the above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendants herein.

**9.**

Although the damages to be awarded herein is a matter lying largely, if not entirely, within the discretion of the finder of fact and based on the evidence as presented.  In compliance with Tex. R. Civ. P. 47, Plaintiff would show that he seeks monetary relief of at least Two Hundred Fifty Thousand Dollars, but less than One Million Dollars.

## 10.   PRE-JUDGMENT INTEREST

Plaintiff also asserts a claim for both pre- and post-judgment interest for all elements of damages, as allowed by law**.**

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited in terms of law to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against said Defendants for all damages in a total sum in excess of this Court's

minimum jurisdictional requirements, together with both pre-judgment and post-judgment interest, at the legal rate thereon, for costs of court, and for such other and further relief, special and general, at law or in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, LLP**

By:  s/ *B. Adam Terrell*

B. ADAM TERRELL
Texas Bar No. 19790900
2615 Calder, Suite 400 (77702)
Post Office Box 350
Beaumont, TX   77704-0350
Phone: (409) 838-0101
Fax:    (409) 832-2940
Email: baterrell@wgttlaw.com
**E-SERVICE:**    bterrelledoc@wgttlaw.com

ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

By:  s/ *B. Adam Terrell*
B. Adam Terrell

6